IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JANEL L. BROWN,

    Plaintiff,

vs.                                             Case No.

OLYMPIC EXPRESS, INC.
d/b/a PILOT FREIGHT SERVICES, and
JAMES BEST,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Janel L. Brown, by and through her attorneys, McDonald & Kloth, LLC, and as and for her cause of action against the Defendants, Olympic Express, Inc. d/b/a Pilot Freight Services and James Best, alleges as follows:

### NATURE OF ACTION

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the wage and hour laws of the State of Wisconsin and the common law of the State of Wisconsin. Plaintiff seeks overtime compensation, liquidated damages, compensatory damages, punitive damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

### PARTIES

2.     Janel Brown (hereinafter, "Brown" or "Plaintiff") is an adult resident of the State of Wisconsin with a residence located at 3800 South 54th Street, Milwaukee, WI 53220.

3.     Olympic Express, Inc. d/b/a Pilot Freight Services (hereinafter, "Pilot") is a Wisconsin corporation with a principal place of business located at 10450 West Oakview Prkwy,

1

Suite 400, Oak Creek, WI 53154. The registered agent for service of process for Pilot is James Best, 10450 S Oakview Prkwy, Suite 400, Oak Creek, WI 53154.

4. James Best (hereinafter, "Best") is an adult citizen of the State of Wisconsin and the owner and president of Pilot. Best resides within the State of Wisconsin.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. § 201 *et seq*.

6. This court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all other claims arise in and are so related that they form part of the same case or controversy as the aforementioned claims.

7. The Eastern District of Wisconsin has personal jurisdiction over Defendants because Pilot's principal place of business is located within the District, Best resides within the District, and Pilot performs substantial business within the District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (d) because Pilot is a corporation subject to personal jurisdiction within the District at the time this action is being commenced and Best is an individual residing within this District.

## FACTUAL ALLEGATIONS

9. Brown became employed with Pilot in July 2017 as a Customer Service Representative ("CSR").

10. Pilot Freight Services is a global logistics company that provides freight delivery services to customers throughout the world. Pilot Freight Services is the franchisor of independently owned franchises throughout the United States.

11. Best is the president and owner of Olympic Express, Inc. which owns a Pilot Freight Services franchise and does business as Pilot Freight Services.

12. Pilot paid Brown an hourly rate of $18.04 and Brown consistently worked forth (40) hours per week during the weeks in which she was not "on call."

## FACTS RELATED TO ON-CALL TIME

13. Pilot required Brown and other CSRs to take turns being on-call over the weekends to receive and process shipments. Only one CSR was on-call on any particular weekend.

14. Brown first performed on-call duties for Pilot over Memorial Day Weekend in 2018 (May 25 – May 28, 2018). At that time, the on-call time began at 10:00 p.m. on Friday and continued through 7:00 a.m. on the following Monday morning.

15. During on-call time, Brown was required to perform the following tasks:

   a. Be preset at the Pilot office from 8:00 a.m. on Saturday through 12:00 p.m. on Saturday.

   b. Be present at the Pilot office each and every time something needed to be picked up or dropped off from/by vendors, owner-operators, drivers, etc.

   c. Be present at the Pilot office any time drivers performing specific runs required entry to the lockbox key.

   d. Process the airline freight paperwork for each driver delivering freight to the airlines for air shipments.

   e. Answer the telephone at any time of day or night from drivers, customers, vendors, owner-operators, etc. relating to Pilot's freight delivery services.

  f. Access Pilot's online computer system via laptop computer and internet to answer questions from drivers, customers, vendors, owner-operators, etc. relating to Pilot's freight delivery services.

  g. Access Pilot's online computer system via laptop computer and internet to process Pilot shipments and related paperwork.

  h. Travel to the Pilot office on a moment's notice to process shipments being delivered to or picked up from the Pilot office.

  i. Travel to the Pilot office on a moment's notice to address time-sensitive or emergency issues related to Pilot's freight delivery systems.

  j. Travel to the Pilot office on a moment's notice to address any office issues including, but not limited to, telephone issues, alarm issues, lock issues, etc.

16. During the period of on-call time, Brown was restricted from engaging in regular personal activities.

17. Pilot's on-call restrictions required Brown to be engaged at all times.

18. Pilot's on-call restrictions prevented Brown from engaging in nearly all personal activities away from the Pilot office and her home.

19. From Memorial Day Weekend 2018 through in or around May 2019, Pilot directed Brown to be on-call on an average of once every six to seven weeks. In or around May 2019, the average frequency of being on-call changed to once every four weeks.

20. Pilot paid Brown a flat-rate fee of $400 for the entire duration of on-call time from in or around May 2018 through in or around December 2018.

4

Case 2:20-cv-00602-SCD Filed 04/13/20 Page 4 of 9 Document 1

21. Pilot hired a 3rd shift Customer Service Representative in or around December, 2018. Upon hiring the 3rd shift CSR, Brown's on-call time changed to beginning on Saturday at 8:00 a.m. and ending the following Monday at 7:00 a.m.

22. At around this time, the pay for on-call time changed to a flat-rate payment of $150 plus $25 per shipment. Pilot paid an additional $50 if the on-call weekend included a Holiday.

23. In July and August, 2019, Brown was on-call for 5 or 6 consecutive weekends.

### FACTS RELATED TO DEFAMATION

24. Brown reported directly to Jared Keeku (Supervisor) throughout her employment with Pilot. When Keeku was not present, Brown reported to Stevan Tanaskovic (Supervisor).

25. Tanaskovic began making inappropriate and unwelcome sexual comments to Brown in the workplace.

26. Brown was repulsed by Tanaskovic's inappropriate and unwelcome sexual comments and was further repulsed by Tanaskovic's romantic and sexual interest in her.

27. Brown objected to Tanaskovic's inappropriate and unwelcome sexual comments and complained to Keeku regarding the same.

28. Pilot did nothing to stop Tanaskovic's inappropriate and unwelcome sexual comments.

29. After months of being subjected to Tanaskovic's inappropriate and unwelcome sexual comments, James Best, Pilot's owner, became involved in the situation.

30. Brown explained to Best in detail the continuous inappropriate and unwelcome sexual comments to which she was subjected in the workplace by Tanaskovic.

31. Brown was constructively discharged on February 3, 2020 following Best placing Brown on a 90-day probation, issuing Brown a written warning in response to Brown's complaints of sexual harassment, and subjecting Brown to other retaliatory actions.

32. Brown has been with her husband for over fourteen (14) years.

33. Best has stated to multiple people that Brown had a romantic relationship with Tanaskovic.

34. Brown at no time had a romantic or sexual relationship with Tanaskovic.

35. Best has stated to multiple people that Brown's alleged romantic relationship with Tanaskovic lead to Brown's husband ending of their marriage.

36. There was no romantic relationship between Brown and Tanaskovic and Brown's marriage has not ended.

37. Best has stated to multiple people that Brown's alleged romantic relationship with Tanaskovic lead to the break-up between Brown and her husband.

38. There was no romantic relationship between Brown and Tanaskovic and Brown and her husband have not broken-up.

## LEGAL CLAIMS

## COUNT I

**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA**

39. Brown incorporates 1 through 38 as if fully set forth herein.

40. Pilot is an employer within the meaning of 29 U.S.C. § 203(d).

41. Brown was an employee of Pilot within the meaning of 29 U.S.C. § 203(e).

42. Brown was a non-exempt employee under 29 U.S.C. § 213(a) since she did not meet the criteria for any exemption under the FLSA.

43. The FLSA requires each covered employer to compensate all non-exempt employees at the rate of time-and-one-half for all hours worked in excess of forty (40) hours per week.

44. During the applicable statute of limitations, Brown performed work in excess of forty hours per week.

45. During the applicable statute of limitations, Brown performed work in excess of forty (40) hours per week without receiving overtime compensation.

46. These practices violate the FLSA including, but not limited to, 29 U.S.C. § 206 and 207, and have caused Brown to suffer wage loss.

47. Defendants knew or showed reckless disregard for the fact that they failed to pay Brown overtime compensation in violation of the FLSA.

## **COUNT II**

### **FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF WISCONSIN LAW**

48. Brown incorporates paragraphs 1 through 38 as if fully set forth herein.

49. The State of Wisconsin requires companies to compensate non-exempt employees at the rate of time-and-one-half for all hours worked in excess of 40 hours per work week. Wis. Stat. § 103.02; Wis. Admin. Code DWD § 274.03.

50. The State of Wisconsin requires employers to compensate employees promptly for all hours worked at their regular rate of pay. Wis. Stat. § 109.03.

51. Pilot is an employer within the meaning of Wis. Stat. § 103.001(6) and 104.01(3).

52. At all times relevant, Brown was an employee within the meaning of Wis. Stat. § 103.001(5) and 104.01(2).

53. Pursuant to Wis. Stat. § 109.03(5), employees have a right of action against their employer for the full amount of wages due. This right extends to past due overtime wages.

54. Brown worked in excess of 40 hours per week at various times throughout her employment with Pilot.

55. Pilot has not compensated Brown at the rate of time-and-one-half for the overtime hours.

56. Brown is entitled to overtime wages for unpaid hours in excess of forty hours per week. Wis. Stat. § 109.03(5); Wis. Admin. Code DWD § 274.03.

57. By requiring Brown to work hours in excess of forty hours per week and failing to pay Brown her unpaid wages for overtime, Pilot violated Wis. Stat. §§ 103.02 and 109.03(1), (5).

58. Brown is entitled to damages in the amount of unpaid overtime wages and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Pilot's unlawful and willful conduct as the court deems just and proper.

## COUNT III

### DEFAMATION

59. Brown incorporates paragraphs 1 through 38 as if fully set forth herein.

60. Best made knowingly false statements of fact about Brown to persons other than Brown.

61. Best made the knowingly false statements of fact about Brown intentionally and with reckless disregard for the falsity of the statements.

62. Best's comments were not privileged in any manner.

63. Best's conduct constitutes defamation *per se*.

64. Brown has sustained substantial injuries as a direct and proximate result of Best's unlawful conduct including but not limited to, embarrassment, humiliation, lowering of status in the relevant community, mental pain and anguish, stress, and anxiety.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiff, Janel Brown, and against the Defendants, Olympic Express, Inc. and James Best, for all damages, costs, fees, and equitable remedies alleged herein.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

Dated this 13th day of April, 2020.

                                                  **MCDONALD & KLOTH, LLC**
                                                  Attorneys for Janel Brown

By:    s/Shannon D. McDonald
         Shannon D. McDonald
         WI Bar No. 1036954

MCDONALD & KLOTH, LLC
N96W18221 County Line Rd. #200
Menomonee Falls, WI 53051
262-252-9122 (Office)
262-252-9123 (Direct)
414-395-8773 (Fax)
sdm@themklaw.com